JULY 22, 1801.

# Clarke and Sidebottom *v.* Calloway's Heirs.

*Upon a writ of error to reverse a judgment of the Lexington District Court.*

Where a ferry franchise was granted to one, his heirs and assigns, so long as he and they should well and faithfully keep the ferry according to the directions of the grant—*Held:*

1. That the right to the franchise does not vest until the grantee commences the keeping of the ferry.

2. That the right to the franchise is forfeited by an unreasonable delay in putting the ferry in use.

3. That the forfeiture is not excused by the death of the first grantee soon after the grant and the disability of his heir, no exception having been made in the grant on account of such disability.

It appears from the facts agreed on by the parties that in October, 1779, the ferry in contest was established by act of assembly; and that the keeping thereof and the emoluments arising therefrom were granted to Richard Calloway, his heirs or assigns, so long as he or they should well and faithfully keep the same according to the directions of that act. And it further appears, that the said Calloway, his heirs or assigns, never kept this ferry, nor manifested a disposition to do it, until about twelve years after the passage of the act; further than that, Calloway was killed by the Indians whilst he was constructing a boat for the purpose, but it does not appear what length of time had elapsed after he obtained this grant before he was killed. The defendant, Mrs. Patrick, however, claims the ferry as heir-at-law to Calloway. And it further appears that she was an infant at the time of his decease; that before she came to the age of twenty-one years she intermarried with the other defendant, Mr. Patrick. And that at the time the suit commenced, she was and still continues under this coverture.

Whether the restriction contained in the grant which has been recited is a *condition* or a *limitation,* is a technical nicety, which may not be very material to the decision of the cause. But it seems clear that it can not be a limitation, because such a condition is never styled a limitation, only where a third party will

Clarke *et al. v.* Calloway's Heirs.

immediately be invested by the grant, with the right, whenever the first grantee shall fail to comply with the condition prescribed by the grantor. But no third party is named in this grant. Therefore, the restriction it contains must be a condition. This condition is evidently two-fold. In one point of view, it is a condition precedent: for until the keeping the ferry commenced, the right to it did not vest in the grantees, but remained in the grantor. In another point of view, it is a condition subsequent, by which the right to the ferry became forfeited whenever the keeping of it, as the act of the assembly required, should cease. It need scarcely be observed that as the condition is double, so by the neglect of the grantees for the great length of time which has been mentioned, a double forfeiture has ensued; and that it was not necessary because it was impossible for the commonwealth (the grantor) to make an actual entry on the premises to oust the grantees. But as it may be thought that Calloway's having begun to build a boat for the ferry was so far a compliance with the condition precedent, that a forfeiture on that score could not take place until after a reasonable time for completing it had elapsed, the court will principally rely on the failure of the grantees for a length of time which does not admit of any apology. As to the death of Calloway, and his heir having been a minor during part of that period and a *feme covert* for the remainder of it, no provision is contained in the grant for those events; nor has it been shown that those impediments have been regarded in any similar case, either by the legislature or courts of justice. Indeed, it also appears that the ferry in contest had, as soon as the circumstances of country would permit, been kept by other persons. But this court can not conceive that any of them were intruders, in a way which can justify their being considered as the agents or trustees of the grantees, to support their right; because their right never originated, or to say the least, had become void by neglect, and not by disseizure, before those persons began to act; and because it is believed that no precedents in point are to be found. And with regard to those of them in particular to whom this ferry was granted by the county court of Madison, and from some of whom the plaintiffs derived their claim, it would be highly absurd that the defendants should found or support their right on the agency of·those who acted under an adverse right. It is unnecessary to investigate the legality of the grant last mentioned until the defendants (who were the plaintiffs in the district court) make out a legal title, which this court is of opinion they have not done.

Wherefore, it is considered that the judgment of the said district court be reversed, and that the defendants in error pay unto the plaintiffs their costs in this court and the district court expended, which is ordered to be certified to the said court.